Reed S. Waddell (State Bar No. 106644)
rwaddell@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Appellee FIRST-CITIZENS
BANK & TRUST COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| In re<br><br>AKHOIAN ENTERPRISES, INC.,<br><br>Debtor.<br><hr>AKHOIAN ENTERPRISES, INC., JOHN AKHOIAN, and TAMAR AKHOIAN,<br><br>Appellants,<br><br>v.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY, et al.,<br><br>Appellees. | Case No. 2:19-cv-08277-DMG<br><br>Chapter 7<br><br>Bankr. Case No. 1:17-bk-10017-MT<br>Bankr. Adv. No. 1:18-ap-01127-MT<br><br>**APPELLEE FIRST-CITIZENS BANK & TRUST COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY APPEAL FOR LACK OF JURISDICTION**<br><br>Date:     December 13, 2019<br>Time:    9:30 a.m.<br>Crtrm.:  8C<br>            United States Courthouse<br>            350 West 1st Street<br>            Los Angeles, CA 90012<br><br>The Hon. Dolly M. Gee |

## TABLE OF CONTENTS

I.    JURISDICTIONAL STATEMENT ....................................................................8

II.   INTRODUCTION .................................................................................................8

III.  RELEVANT FACTS.............................................................................................9

IV.  DISCUSSION......................................................................................................12

   A.    The District Court Must Dismiss This Appeal for Lack of Jurisdiction, as The Notice of Appeal was Untimely. ...............................................................12

   B.    The Time to Appeal the Dismissal Order Was Not Tolled. .....................12

   C.    The Time to Appeal the Dismissal Order Was Never Extended............13

V.   CONCLUSION....................................................................................................14

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza)*, 852 F.3d 884, 889
   (9th Cir. 2017). ..................................................................................................8

*In re Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980)..................................8

*In re Ozenne*, 841 F.3d 810 (9th Cir. 2016) ............................................................13

*Preblich v. Battley*, 181 F.3d 1048 (9th Cir. 1999) ..............................................5, 12

*In re Weston*, 41 F.3d 493 (9th Cir. 1994)...............................................................13

*Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933 (9th Cir. 2007)..........5, 8, 12

**Federal Statutes**

28 U.S.C. § 158(a) ....................................................................................................12

28 U.S.C. § 158(c)(2) ................................................................................................12

**Federal Rules**

Fed. R. Bankr. P. 8002..............................................................................................12

Fed. R. Bankr. P. 8002(a) ......................................................................................5, 12

Fed. R. Bankr. P. 8002(b) .........................................................................................13

Fed. R. Bankr. P. 8002(b)(1)(D) ...............................................................................13

Fed. R. Bankr. P. 8002(d)(1) ....................................................................................13

Fed. R. Bankr. P. 8012................................................................................................5

Fed. R. Bankr. P. 8013(a)(2)(C) ...............................................................................15

Fed. R. Bankr. P. 8015(a)(6) ....................................................................................15

Fed. R. Bankr. P. 8015(g) .........................................................................................15

Fed. R. Bankr. P. 8015(h) .........................................................................................15

Fed. R. Bankr. P. 9023..............................................................................................12

Fed. R. Bankr. P. 9024..............................................................................................12

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Local Rules**

L.R. 7-3 ................................................................................................................... 6

L.R. 7-4 ................................................................................................................... 4

L.R. 7-6 ................................................................................................................... 5

L.R. 7-8 ................................................................................................................... 5

L.R. 7-9 ................................................................................................................... 5

L.R. 7-10 ................................................................................................................. 5

L.R. 8-1 ................................................................................................................... 8

L.R. 16-12(e) ........................................................................................................... 6

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 8012 of the Federal Rules of Bankruptcy Procedure, counsel for Appellee First-Citizens Bank & Trust Company certifies that it is not a publically traded company and that it is a wholly-owned subsidiary of First Citizens BancShares Inc., a publically traded company trading as FCNCA on the NASDAQ.

## NOTICE OF MOTION AND MOTION

**TO THE HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT COURT, PARTIES IN INTEREST AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that on December 13, 2019, at 9:30 a.m. in Courtroom 8C of the above-referenced Court, Appellee First-Citizens Bank & Trust Company ("Bank") will and hereby does move the Court for an order dismissing the instant bankruptcy appeal for lack of jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that pursuant to L.R. 7-4, the following is a concise statement of relief that the Bank seeks. The Bank seeks dismissal of the instant appeal based on lack of jurisdiction. The District Court lacks appellate jurisdiction to consider this appeal because Appellants Akhoian Enterprises, Inc. ("AEI"), John Akhoian ("J. Akhoian") and Tamar Akhoian ("T. Akhoian" and together with J. Akhoian, "Akhoians" and together with AEI and J. Akhoian, "Appellants") failed to file a timely notice of appeal of the Dismissal Order (the order which is the subject of this appeal). In particular, Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to be filed within the 14 days of the entry of the order. Fed. R. Bankr. P. 8002(a). The failure to file a notice of appeal with this 14-day period results in the appellate court lacking jurisdiction to consider the appeal. *Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) ("The timely appeal requirement is jurisdictional." (citing *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999)).

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Here, the Dismissal Order was entered on May 24, 2019, but the Notice of Appeal was not filed until September 23, 2019, a total of 123 days after entry of the Dismissal Order. Because the Notice of Appeal was untimely, the District Court lacks jurisdiction over the instant appeal, and it must be dismissed for that reason.

The Bankruptcy Court previously denied the Appellants' "motion to reconsider" the Dismissal Order, finding that the Dismissal Order was final and that the motion to reconsider was untimely (beyond 14 days from entry of the Dismissal Order). The Appellants never sought to extend the time to appeal the Dismissal Order, although they did seek (and obtained) permission to extend the time to appeal the order denying their "motion to reconsider." But the Appellants did not appeal that order. Instead, they appealed an entirely *different order*. In particular, the Appellants' motion to extend time to appeal sought permission to appeal the July 5, 2019, Order Overruling Objection by John and Tamar Akhoian to Order Dismissing Adversary Proceeding With Prejudice ("Order Overruling Objection") (Adv. Dkt. 43). (RJN 3), *not* the Dismissal Order, which was entered on May 24, 2019. Accordingly, this Court must dismiss this bankruptcy appeal for lack of jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that pursuant to L.R. 7-9, not later than twenty-one (21) days before the date designated for the hearing of this Motion, any party opposing this Motion shall serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief, but complete, memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

**PLEASE TAKE FURTHER NOTICE** that pursuant to L.R. 7-10, the Bank may, not later than fourteen (14) days before the date designated for the hearing of this Motion, serve and file a reply memorandum, and declarations or other rebuttal

evidence. Absent prior written order of the Court, the opposing party shall not file a response to the reply.

**PLEASE TAKE FURTHER NOTICE** that pursuant to L.R. 7-3 and L.R. 16-12(e), this Motion is exempt from the meet and confer requirements of L.R. 7-3.

**WHEREFORE**, the Bank seeks an order from this Court:

1. Dismissing this instant bankruptcy appeal for lack of jurisdiction; and
2. Such further relief as the Court deems appropriate.

DATED:  November 15, 2019

FRANDZEL ROBINS BLOOM & CSATO, L.C.
REED S. WADDELL
GERRICK M. WARRINGTON

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Appellee FIRST-CITIZENS BANK & TRUST COMPANY

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

# MEMORANDUM OF POINTS AND AUTHORITIES

Appellee First-Citizens Bank & Trust Company ("Bank") submits this memorandum of points and authorities in support of its motion for an order dismissing the instant bankruptcy appeal, which appeal was filed by Appellants Akhoian Enterprises, Inc. ("AEI"), John Akhoian ("J. Akhoian"), and Tamar Akhoian ("T. Akhoian" and together with J. Akhoian, "Akhoians" and together with AEI and J. Akhoian, "Appellants"). For the reasons set forth below the instant appeal must be dismissed for lack of jurisdiction.

## I. JURISDICTIONAL STATEMENT

In accordance with Local Rule 8-1, which requires movant to provide a plain statement of the statutory or other bases for the District Court to exercise jurisdiction over this Motion, this Court has jurisdiction to determine its own jurisdiction (or lack thereof, as is the case here). *Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza)*, 852 F.3d 884, 889 (9th Cir. 2017).

## II. INTRODUCTION

This bankruptcy appeal arises from an untimely notice of appeal filed by the Appellants *123 days after* entry of the Dismissal Order (*i.e.*, the order being appealed). No timely tolling motions were filed. No extensions were granted to allow the Appellants to appeal the Dismissal Order. While the Appellants were granted permission by the Bankruptcy Court to appeal the Order Overruling Objection, that order is an entirely *different order* than the order presently on appeal. Accordingly, the Notice of Appeal of the Dismissal Order was untimely, and as a result, the District Court lacks jurisdiction to consider this bankruptcy appeal and this appeal must, therefore, be dismissed. *Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) (citation omitted); *In re Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980) ("An untimely notice [of appeal] deprives the

district court of jurisdiction to review the bankruptcy court's order or judgment.") (citations omitted).

## III. RELEVANT FACTS

On May 24, 2019, the Bankruptcy Court dismissed the Adversary Proceeding with prejudice and on the merits ("Dismissal Order") (Adv. Dkt. 36). (RJN 1).

On June 12, 2019, the Akhoians filed an objection to the Dismissal Order ("Objection") (Adv. Dkt. 38). On June 19, 2019, the Bank filed a reply ("Reply") (Adv. Dkt. 39).

On June 26, 2019, the Bankruptcy Court held a hearing on the Objection and Reply. The Bankruptcy Court published a tentative ruling on June 25, 2019 ("June 25 Tentative Ruling") (RJN 2). In the June 25 Tentative Ruling, the Bankruptcy Court found that (1) the Dismissal Order was final, (2) the Dismissal Order was never appealed, and (3) the Objection was apparently a "motion for reconsideration" of the Dismissal Order, but (4) the motion was "too late." Further, the Court found that the motion "raises no additional issues that were not already considered."

On July 5, 2019, the Bankruptcy Court entered its Order Overruling Objection by John and Tamar Akhoian to Order Dismissing Adversary Proceeding With Prejudice ("Order Overruling Objection") (Adv. Dkt. 43). (RJN 3).

On August 8, 2019, the Akhoians filed a Motion to Extend Time to Appeal the Order Overruling Objection ("Motion to Extend Time to Appeal") (Adv. Dkt. 45). (RJN 4). In particular, the Motion to Extend Time to Appeal sought permission to etend the time to appeal the Order Overruling Objection, not the Dismissal Order. In particular, the Motion to Extend Time to Appeal discusses the facts and circumstances surrounding the Akhoians' counsel's failure to file a notice of appeal of the Order Overruling Objection entered on July 5, 2019, as Docket Number 43. (*See* Motion to Extend Time to Appeal, pages 7 – 8). The Motion to Extend Time to Appeal analyzes the 14-day appeal deadline for the Order

Overruling Objection as beginning on July 5, 2019, and ending on July 19, 2019. (*Id*. at page 9, lines 17-23). Finally, the prayer for relief in the motion requests that the Bankruptcy Court do the following:

> grant this motion for a 21 day extension of the time from the date of entry of the court's order granting this motion, within which the Plaintiffs may file their Notice of Appeal of the Court's prior *Order denying Plaintiffs' objections to the Court's prior Order Dismissing* the Debtor and the Plaintiffs' Adversary Complaint with prejudice, on the merits, as to all causes of action, as to all parties, entered into the record by this court *on July 5, 2019*.

(Motion to Extend Time to Appeal, page 13, line 23 – page 14, line 4) (emphasis added). The Motion to Extend Time to Appeal further attaches a copy of the Notice of Appeal which the Akhoians state that they are proposing to file if the motion is granted:

> To expedite matters, a true and correct copy of Plaintiffs's [sic] "Notice of Appeal" that they propose to file with this court should this motion be granted, is attached hereto as Exhibit "A" and incorporated herein by reference.

(*Id*.). A review of the Notice of Appeal attached as Exhibit A to the Motion to Extend Time to Appeal reveals that the order to-be-appealed is described as "Order Overruling Objections By John And Tamar Akhoian To Order Dismissing Adversary Proceeding With Prejudice (Docket #43, Entered July 5, 2019)." (*Id.*, page 24 of 27).

On August 27, 2019, the chapter 7 trustee filed an opposition to the Motion to Extend Time to Appeal (Adv. Dkt. 48). On August 28, 2019, the Bank filed an opposition to the Motion to Extend Time to Appeal (Adv. Dkt. 49).

On September 3, 2019, the Akhoians filed a reply to the oppositions ("Reply") (Adv. Dkt. 50). (RJN 5). The Reply states that it is being filed:

> in support of [Akhoians'] previously filed motion requesting an extension of time within which they can file a Notice of Appeal of this Court's prior Order dismissing their prior Adversary Complaint, on the merits, as to all causes of action with respect to all defendants, entered into the record by this court *on July 5, 2019 (Dkt. No. 43)*. . . .

(Reply, page 2, lines 1-5) (emphasis added).

Although this statement in the Reply is somewhat misleading, given the confusing title to the Order Overruling Objection, the Reply specifically identifies (a) the docket number of the Order Overruling Objection (Dkt. No. 43), and (b) the July 5th date of entry for the Order Overruling Objection. By contrast, the Dismissal Order was entered on May 24, 2019, as docket number 36.

On September 11, 2019, the Bankruptcy Court held a hearing on the Motion to Extend Time to Appeal and, after oral argument and based on its tentative decision, the Court granted the motion based on its tentative decision. The discussion at the hearing revolved around an extension of time to appeal the July 5th order, not the Dismissal Order.

On September 17, 2019, the Bankruptcy Court entered its Notice of Tentative Ruling re Motion to Extend Time Within Which to File a Notice of Appeal ("Notice of Tentative") (Adv. Dkt. 52). (RJN 6). The Notice of Tentative identifies the Motion to Extend Time to Appeal and discusses the relief sought therein (all of which relates to the Order Overruling Objection entered on July 5th, not the Dismissal Order entered on May 24th). (*See id.*, page 5, lines 2-5).

On October 4, 2019, the Bankruptcy Court entered its Order Granting Extension of Time to Appeal the Order Overruling Objection ("Order Extending Time to Appeal") (Adv. Dkt. 59) (RJN 7). The Order Extending Time to Appeal specifically identifies and grants the Motion to Extend Time to Appeal (Adv. Dkt. 45). Order Extending Time to Appeal at page 2, lines 13-14 (providing that the Motion to Extend Time to Appeal "is granted and [the Akhoians] are to file their Notice of Appeal by October 2, 2019."). The Motion to Extend Time to Appeal, which the Bankruptcy Court granted, does not seek to extend the time to appeal the Dismissal Order. Rather, as discussed above, the Motion to Extend Time to Appeal only sought permission to extend the time to appeal the Order Overruling Objection. Accordingly, no extension of time to appeal the Dismissal Order was ever sought and no extension to that order was ever granted by the Bankruptcy Court.

On September 23, 2019, the Akhoians filed a Notice of Appeal ("Notice of Appeal") (Adv. Dkt. 54). (RJN 8). However, the Notice of Appeal identified *the Dismissal Order* entered on May 24, 2019, at Docket No. 36 as the order being appealed, *not* the Order Overruling Objection entered on July 5, 2019, at Docket No. 43, as requested in the Motion to Extend Time to Appeal.

## IV. DISCUSSION

### A. The District Court Must Dismiss This Appeal for Lack of Jurisdiction, as The Notice of Appeal was Untimely.

A notice of appeal must be filed within 14 days after entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). "Entry" means when the order appears on the CM/ECF docket. Fed. R. Bankr. P. 8002(a)(5)(A)(i). The failure to file a timely appeal of a bankruptcy court order is mandatory and "jurisdictional." *Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) (citing *Preblich v. Battley*, 181 F.3d 1048, 1057 (9th Cir. 1999)). In particular, 28 U.S.C. § 158(a) governs appeals of bankruptcy court orders to the district courts of the United States, and § 158(c)(2) provides that:

> An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and *in the time provided by Rule 8002 of the Bankruptcy Rules*.

28 U.S.C. § 158(c)(2) (emphasis added).

Here, the Dismissal Order was entered on May 24, 2019. But the Akhoians did not file their Notice of Appeal until September 23, 2019—some 123 days after entry of the Dismissal Order. As a result, the appeal was untimely and this appeal must be dismissed for lack of jurisdiction.

### B. The Time to Appeal the Dismissal Order Was Not Tolled.

If a party makes a timely post-judgment "tolling motion," the time to appeal is tolled until "entry of the order disposing of the last such remaining motion." Fed.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

R. Bankr. P. 8002(b)(1). To be timely, however, a tolling motion must be filed within 14 days after entry of the order or judgment being appealed. *Preblich v. Battley*, 181 F.3d at 1057 (citing prior version of Fed. R. Bankr. P. 8002(b) which provided for 10-day period); Fed. R. Bankr. P. 9023 (requiring motion to be filed within 14 days after entry of order or judgment); Fed. R. Bankr. P. 8002(b)(1)(D) (providing that a Rule 9024 motion is timely "if the motion is filed within 14 days after the judgment is entered").

Here, the Dismissal Order was entered on May 24, 2019. The time for filing a timely tolling motion expired at midnight on June 7, 2019. The Akhoians did not file any motion (or other document) within this 14-day period. Instead, on June 12, 2019, five days *after* the 14-day window had closed, the Akhoians filed their Objection. The Bankruptcy Court later construed this Objection as being a "motion for reconsideration" that was "too late." (RJN 2). Because the Objection was *not timely*, it did not toll the time to appeal the Dismissal Order. *Cf. In re Weston*, 41 F.3d 493, 495 (9th Cir. 1994) (construing a timely-filed "motion for rehearing" as a motion for reconsideration under Rule 9023). As a result, the time to appeal the Dismissal Order was not tolled. Because no notice of appeal was filed within the 14 days following the entry of the Dismissal Order, the Notice of Appeal is untimely. Because an untimely appeal divests the appellate court of jurisdiction, this appeal must be dismissed for lack of jurisdiction.

C.   **The Time to Appeal the Dismissal Order Was Never Extended.**

Rule 8002(d)(1) allows the bankruptcy court to extend the time to appeal due to "excusable neglect" upon a motion filed within 21 days after the 14-day period has expired. *See* Fed. R. Bankr. P. 8002(d)(1). Put differently, a motion to extend time under Rule 8002(d)(1) must be filed within 35 days of the entry of the order to extend the time to appeal that order. *See In re Ozenne*, 841 F.3d 810, 814 n. 4 (9th Cir. 2016) (citing Fed. R. Bankr. P. 8002(d)).

Here, the Motion to Extend Time to Appeal sought to extend the time to appeal the Order Overruling Objection, not the Dismissal Order. Indeed, the motion would have been too late to extend the time to appeal the Dismissal Order, as it was filed beyond the 35-day window after entry of the Dismissal Order. In particular, the Order Overruling Objection was entered on July 5, 2019, whereas the Dismissal Order was entered on May 24, 2019. While the Motion to Extend Time to Appeal was filed within the 35 day window after entry of the Order Overruling Objection, it was filed *77 days* after the entry of the Dismissal Order. Accordingly, the Motion to Extend Time to Appeal could not have had the effect of extending the time to appeal the Dismissal Order. Because the Motion to Extend Time to Appeal was filed beyond the 35 day window after entry of the Dismissal Order, it did not extend the time to appeal that order.

## V. CONCLUSION

For the reasons set forth above, the instant appeal is untimely. No timely tolling motion was ever filed within the 14 days following entry of the Dismissal Order. No extension of the time to appeal *the Dismissal Order* was ever sought or granted. Because an untimely appeal is mandatory and "jurisdictional," this bankruptcy appeal must be dismissed for lack of jurisdiction.

DATED: November 15, 2019

FRANDZEL ROBINS BLOOM & CSATO, L.C.
REED S. WADDELL
GERRICK M. WARRINGTON

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Appellee FIRST-CITIZENS BANK & TRUST COMPANY

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(h) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), 8013(a)(2)(C):

☒ this document contains 3,046 words, or

☐ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because:

☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman size 14 font, or

☐ this brief has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

DATED: November 15, 2019         FRANDZEL ROBINS BLOOM &
                                 CSATO, L.C.
                                 REED S. WADDELL
                                 GERRICK M. WARRINGTON


                                 By:    /s/ Gerrick M. Warrington
                                    GERRICK M. WARRINGTON
                                    Attorneys for FIRST-CITIZENS BANK &
                                    TRUST COMPANY

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

3544852.1 | 100102-0181     15     Case No. 2:19-cv-08277-DMG
NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY APPEAL

# PROOF OF SERVICE

**AKHOIAN ENTERPRISES, INC. v. FIRST-CITIZENS BANK & TRUST COMPANY**
**2:19-cv-08277-DMG**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On November 15, 2019, I served true copy(ies) of the **APPELLEE FIRST-CITIZENS BANK & TRUST COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY APPEAL FOR LACK OF JURISDICTION**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order or on an agreement among the parties to accept service by E-Mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 15, 2019, at Los Angeles, California.

/s/ Sandra Young-King
Sandra Young-King

# SERVICE LIST

| | |
|---|---|
| Ronald Norman<br>LAW OFFICES OF<br>FARNELL & NORMAN<br>2020 Main Street, Suite 770<br>Irvine, California  92614<br>Email: rnorman@fknlaw.com | Attorneys for Appellants |
| Richard D. Burstein<br>Talin Keshishian<br>BRUTZKUS GUBNER ROZANSKY<br>SEROR WEBER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>Email: rburstein@bg.law;<br>tkeshishian@bg.law | *Courtesy Copy by U.S. Mail Only*<br><br>Attorneys for David Seror, Chapter 7 Trustee for Chapter 7 Bankruptcy Debtor Akhoian Enterprises, Inc. |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

3544852.1 | 100102-0181

17

Case No. 2:19-cv-08277-DMG
NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY APPEAL